ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
PIO S. KIM
Assistant United States Attorney
Major Frauds Section
California State Bar No. 156679
    United States Attorney's Office
    U.S. Courthouse, Suite 1400
    312 N. Spring St.
    Los Angeles, CA 90012
    Telephone: (213)894-2589
    Facsimile: (213)894-6269
    E-mail: pio.kim@usdoj.gov

Attorneys for Plaintiff
United States of America

CLOSED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CV 05-04555 SVW (RZx) |
| Plaintiff, | ) | [proposed] |
| v. | ) | **CONSENT JUDGMENT** |
| $391,320.00 IN U.S. CURRENCY, *et al.*, | ) | |
| Defendants. | ) | |

On June 22, 2005, plaintiff United States of America (the "government") filed the Complaint for Forfeiture in this action, seeking forfeiture of the defendants $391,320.00 in U.S. Currency, $256,243.22 in U.S. Currency, $17,750.00 in Western Union Money Orders, $13,577.00 in U.S. Currency, One 2003 Chevrolet 3500 Silverado, One 2002 Cadillac Escalade and their tools and appurtenances pursuant to 8 U.S.C. § 1324(b) and 18 U.S.C.

§ 981(a)(1)(A) & (C). Claimant Mirna Alfaro (Alfaro") denied the government's allegations and claimed that she was the rightful owner of the defendants.

The parties have agreed to settle this forfeiture action and to avoid further litigation by entering into this consent judgment.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties, HEREBY ORDERS, ADJUDGES, AND DECREES:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaint for Forfeiture states claims for relief pursuant to 8 U.S.C. § 1324(b) and 18 U.S.C. § 981(a)(1)(A) & (C).

3. Notice of this action has been given as required by law. No appearance has been made in this action by any person other than Alfaro. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true, and hereby enters default against all other potential claimants.

4. $270,000.00 of the defendant $391,320.00, and any interest accrued on said $270,000.00 shall be returned to Alfaro within 6 weeks of entry of this Judgment.

5. The remaining $121,320 of the defendant $391,320.00 in U.S. Currency; the defendants $256,243.22 in U.S. Currency, $17,750.00 in Western Union Money Orders and $13,577.00 in U.S. Currency (and any interest accrued on the forgoing); and the defendants One 2003 Chevrolet 3500 Silverado, One 2002 Cadillac Escalade and their tools and appurtenances, are forfeited to the government, which shall dispose of the same according to law.

6. Alfaro hereby releases the United States of America, the

State of California, all counties, municipalities and cities within the State of California, and their agencies, departments, offices, agents, employees and officers, including, but not limited to, the United States Attorney's Office, the Department of Homeland Security, the Bureau of Immigration and Customs Enforcement, the Bureau of Customs and Border Protection, and any of their employees and agents from any and all known or unknown claims, causes of action, rights and liabilities, including, without limitation, any claim for attorney's fees, costs, or interest which may be now or later asserted by or on behalf of Alfaro, arising out of or related to this action or to the seizure or possession of the defendants. Alfaro represents and agrees that she has not assigned and is the rightful owner of such claims, causes of action and rights.

7. Alfaro hereby agrees to defend, indemnify and hold harmless the United States of America, the State of California, all counties, municipalities and cities within the State of California, and their agencies, departments, offices, agents, employees and officers, including, but not limited to, the United States Attorney's Office, the Department of Homeland Security, the Bureau of Immigration and Customs Enforcement, the Bureau of Customs and Border Protection and their employees and agents from any and all known or unknown claims, causes of action, rights and liabilities, including, without limitation, any claim for attorney's fees, costs, or interest raised or asserted by a third party in connection with or related to the release of $270,000.00 to Alfaro.

8. The Court finds that there was reasonable cause for the seizure of the defendants and institution of these proceedings. This judgment shall be construed as a certificate of reasonable

cause pursuant to 28 U.S.C. § 2465.

9. The parties shall each bear their own attorney's fees and other costs and expenses of litigation.

DATED: 4/28, 2011  _____
                   UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The parties consent to judgment and waive any right of appeal.

DATED: April 27, 2011          ANDRÉ BIROTTE JR.
                               United States Attorney

                               ROBERT E. DUGDALE
                               Assistant United States Attorney
                               Chief, Criminal Division

                               STEVEN R. WELK
                               Assistant United States Attorney
                               Chief, Asset Forfeiture Section

                                /s/_____
                               PIO S. KIM
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               United States of America

DATED: April 27, 2011           /s/_____
                               MYRNA ALFARO
                               Claimant

DATED: April 27, 2011           /s/_____
                               VINCENT JAMES OLIVER
                               Attorney for Claimant Myrna Alfaro